IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GNC FRANCHISING LLC, ET AL.,

      Plaintiffs,                                    06cv0191

v.                                              **ELECTRONICALLY FILED**

NESTOR SALA,

      Defendant.

## **Memorandum Opinion**

**March 10, 2006**

      Defendant Nestor Sala moved to dismiss this action to terminate his franchise agreement with plaintiffs, GNC Franchising LLC and General Nutrition Corporation ("collectively, GNC"), for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), or in the alternative, to transfer the action pursuant to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a) or § 1404(a). On March 9, 2006, this Court denied the motion, indicating that this explanatory opinion would follow.

      Despite defendant's protestations to the contrary, there is no serious doubt that venue is properly laid in the United States District Court for the Western District of Pennsylvania, given the plaintiff's forum choice, the course of dealings between the parties, the locus of contract formation, and, importantly, the parties' deliberate choice of Pennsylvania state or federal courts as the appropriate venue to resolve disputes as manifested in the forum selection  selection clause to which they agreed. Because venue in this Court is proper by any test, defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) and section 1406(a) is without merit, and the request for transfer to the Florida District Court must be analyzed under section 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Salovaara v. Jackson Nat'l Life Ins. Co.*,

246 F.3d 289 (3d Cir. 2001) (when venue is proper but the parties have agreed upon a not unreasonable forum selection clause, it makes better sense to consider transfer under section 1404(a), rather than dismissal under the rules of civil procedure or section 1406(a)) (*citing Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.3d 943 (3d Cir. 1988).

Determination of the which of two federal district courts is the more appropriate venue under section 1404(a) can be tricky, as it involves consideration of frequently competing public and private interests, and weighing the inconveniences to both sides of choosing a particular forum over another.  This case is not tricky, however.

28 U.S.C. § 1404(a) is the appropriate statutory provision for transfer of an action where, as here, jurisdiction is proper in both the original and the requested forum. *Jumara*, 55 F.3d at 878. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In addition to these considerations, the United States Court of Appeals for the Third Circuit has enumerated additional private and public interests that the Court may consider in deciding whether to grant a motion to transfer:

> The private interests [include]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interests [include]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; and the familiarity of the trial judge with the applicable state law in

diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations and internal quotations omitted).

While section 1404(a) requires a district court to balance a number of case specific factors, the presence of a contractual forum selection clause is a significant factor that figures centrally in the district court's calculus. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).  Although not dispositive, a forum selection clause must be given "substantial consideration," since such a clause is the manifestation of the parties' preferences as to a convenient forum. *Jumara*, 55 F.3d at 880.

Moreover, where the forum selection clause is valid, the party moving for transfer "bear[s] the burden of demonstrating why [he] should not be bound by [his] contractual choice of forum." *Id.*  A forum selection clause is prima facie valid "and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

Defendant has not alleged any facts to support his burden of showing enforcement of the forum selection clause is unreasonable under the circumstances.  It is certainly not sufficient to allege that plaintiff was given a take it or leave it option and had little choice in the matter if he wanted to acquire a GNC franchise. "The mere fact that an agreement containing a forum selection clause is a contract of adhesion does not render the clause unenforceable." *Mathews v. Rescuecom Corp.*,  2006 WL 414096, at *6 (D. N.J. February 16, 2006)*, citing Carnival Cruise Lines, Inc., v. Shute*, 499 U.S. 585, 594-95 (1991) (forum selection clause on back of cruise ticket enforceable despite lack of bargaining over the terms of the clause); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F .2d 1207, 1219 (3d Cir. 1991) ("That there may not have been actual negotiations over the [forum selection] clause does not affect its validity.")."

Defendant failed to meet his burden of showing that Pennsylvania did not have venue over the litigation, that a Florida district court would be more convenient under all of the factors and circumstances that must be balanced, or that the forum selection clause should not be enforced. Accordingly, this Court denied his motion to dismiss or to transfer venue (Document No. 11).

*s/ Arthur J. Schwab*
Arthur J. Schwab
United States District Judge

cc: All counsel of record as listed below

Amy Kerr Parker, Esquire
Gordon W. Schmidt, Esquire
Kevin S. Batik, Esquire
Gerald J. Stubenhofer, Esquire
McGuire Woods
625 Liberty Avenue
23rd Floor, Dominion Tower
Pittsburgh, PA 15222-3142

Martin B. Sipple, Esquire
227 South Calhoun Street
Tallahassee, FL 32301