IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GNC FRANCHISING LLC, ET AL.,

      Plaintiffs,                          06cv0191

v.                                  **ELECTRONICALLY FILED**

NESTOR SALA,

      Defendant.

## ORDER OF COURT DENYING DEFENDANT SALA'S MOTION TO VACATE COURT ORDERS DATED MARCH 20, 2006 AND MARCH 27, 2006 AND ALTERNATIVE REQUEST FOR A STAY OF THOSE ORDERS SCHEDULING PERMANENT INJUNCTION TRIAL

### A. BACKGROUND

Upon the Court's initial review of the complaint, motion for temporary restraining order and motion for preliminary injunction in this case, it appeared to be simple and straightforward -- albeit involving an important public safety issue (the purported sale of banned ephedrine-containing products), the protection of GNC's goodwill and intellectual property, and the termination of a Franchise. The Court believed this case to be "simple and straightforward" based upon this Court's extensive experience with hundreds of temporary restraining orders, preliminary and permanent injunctions, both as a litigator and as a trial judge.

Stated simply, Plaintiff GNC, Franchisor, contended that on at least two occasions, its Franchisee, Nestor Sala, through his Tallahassee, Florida store, sold banned ephedrine-containing products to a GNC "mystery shopper" and soon thereafter to the GNC Regional Sales Director, in violation of the GNC directives and the GNC Franchise Agreement, causing damage to GNC's goodwill and intellectual property. Defendant Sala responded that the sales did not take place; that if they did occur, they were the only two sales, ever at this store, of the banned ephedrine-

containing products, and it was coincidence that both sales were made to GNC "shoppers"; and that the sales, if they did occur, were unauthorized and by a rogue employee.

Because the obvious public safety and intellectual property issues required, and still require, immediate attention, the Court ordered counsel to attend an initial case management conference, on February 27, 2006, to schedule a prompt hearing involving live witnesses to resolve the conflicting positions and make the necessary credibility determinations. The Court expected that, in light of the urgency of the issues, coupled with "prevailing party" attorneys fees provision in the Franchise Agreement, all parties, including defendant Sala, would wish to move expeditiously to a one or two day preliminary injunction hearing, with live witnesses, so said credibility determinations could be made and an appealable ruling could be rendered.

Instead, defendant Sala engaged in, and continues to engage in, skillful and elaborate legal maneuvers to avoid a hearing with live witnesses, both initially at the preliminary injunction hearing and now at the upcoming scheduled permanent injunction hearing (April 13 and 17, 2006 and "thereafter until concluded") (scheduled more than 3 months after the filing of the Complaint)

### B. DEFENDANT SALA'S PRIOR EFFORTS TO AVOID A LIVE WITNESS TRIAL

#### 1. Motion to Dismiss for Improper Venue (doc. no. 11)

At the argument on GNC's request for Temporary Restraining Order (conducted on February 27, 2006 together with the Initial Case Management Conference), defendant sought (and was granted) a delay on the TRO request to file the Motion to Transfer. In his Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Pursuant to 28 U.S.C. Secs.

1401/1406 (doc. no. 11) (filed March 1, 2006) and supporting brief (doc. no. 13) (plus Motion to Dismiss (doc. no. 18)), defendant Sala requested that this case be transferred to Florida to avail himself of a faster docket and obtain a speedier "day in court." Said Motions were denied (doc. nos. 20 and 22) on March 9, 2006.

### 2. Emergency Motion to Continue Hearing on GNC's Preliminary Injunction Motion (doc. no. 17)

When the preliminary injunction hearing was scheduled for March 16, 2006 (doc. 16), defendant Sala instantly filed an Emergency Motion to Continue Hearing on Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction, and Associated Deadlines (doc. no. 17), on the very same day the Scheduling Order was entered, which was granted in part and denied in part (doc. no. 21). Since defendant refused to bring forth live witnesses on the scheduled date, the Court decided to proceed on the existing record, granting defendant Sala the additional opportunity to supplement the record. Order of March 2, 2006 (doc. no. 21).

### 3. First Motion to Stay Permanent Injunction Trial (doc. no. 29)

The Court granted the preliminary injunction (doc. nos. 24 and 25) with detailed findings of fact and conclusions of law on March 20, 2006, and scheduled a permanent injunction hearing (Pretrial Order doc. no. 26 - March 20, 2006) for April 13, 2006, so the parties would have a prompt opportunity to present live testimony, and so the Court could make appropriate credibility determinations, on a matter of public safety relating to the alleged sale of banned ephedrine-containing products.

After the permanent injunction trial was scheduled and the preliminary injunction was entered, the United States Court of Appeals for the Third Circuit granted a stay of the preliminary

injunction only, on March 24, 2006 (doc. no. 34), "until disposition of the appeal or disposition of the case in chief before the District Court, whichever shall occur first."

In defendant Sala's Motion to Stay the Permanent Injunction Trial (doc. no. 29), defendant stated that the permanent injunction should not go forward until he filed and fully litigated, including discovery, his then-yet-to-be filed answer and counterclaim. At that time, the Court denied said Motion by Order of Court Denying Defendant's Motion to Stay – and Revised Pretrial Order Regrading Permanent Injunction Trial (doc. no. 35, filed March 27, 2006). The Court pointed out that defendant Sala had five (5) weeks at that time to file any answer and counterclaim but had not, even though he had found the time to file hundreds of pages of other materials.

### C. CURRENTLY PENDING MOTION TO VACATE/STAY PERMANENT INJUNCTION TRIAL (doc. no. 36)

In the current Motion (doc. no. 36), defendant Sala contends, contrary to this Court's clear authority under Rules 16, 42(b) and 65(a)(2) of Federal Rules of Civil Procedure, that this district court lacks the authority to manage its docket and this case, so as to try the "permanent injunction issues on the merits" before the damage issues and other non-injunction issues.

Defendant Sala also filed a 34 page Answer, Defenses and Counterclaims (doc. no. 37), including alleged Robinson-Patman violations, Sherman Act violations, and civil RICO claims. Defendant Sala additionally argues that this district court cannot move to the permanent injunction trial until defendant Sala conducts full and complete discovery on his counterclaims, and that the non-jury trial on the permanent injunction request must be delayed and combined with the extensive trial on the numerous counterclaims (on which defendant Sala has demanded a

jury trial).

Defendant Sala certainly may take this simple and straightforward case and transform it into complex and expensive litigation. However, this Court has the authority to separate the non-jury permanent injunction issues from plaintiff's only recently filed counterclaims which added complicated antitrust and other issues on which he has demanded a jury trial. Rule 42 provides:

> Consolidation; Separate Trials.
>
> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any . . . counterclaim, . . . or of any separate issue . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed.R.Civ.P. 42(b).

> Similarly, Rule 65, Injunctions, provides:
>
> (a) Preliminary Injunction.
>
> (1) Notice. No preliminary injunction shall be issued without notice to the adverse party.
>
> (2) Consolidation of Hearing With Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. . . . This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

Fed.R.Civ.P. 65.

It is within the discretion of the district court to consolidate or bifurcate issues, so long as that discretion is informed and the parties have adequate notice. *See American Train*

*Dispatchers Dept. of Intern. Broth. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267 (7th Cir.), *cert. denied* 522 U.S. 1016 (1997) (district court did not abuse discretion by consolidating hearing on preliminary injunction with trial on permanent injunction); *Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 116 (3d Cir. 1992) (in antitrust action raising claims under Robinson-Patman, Sherman and Clayton Acts, it was within discretion of district court to bifurcate issue of the proper definition of the relevant product market); *Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3d Cir. 1978) ("the rule in this circuit since 1972 has been that the decision to bifurcate vel non is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance."), *citing Idzojtic v. Pennsylvania Railroad Co.*, 456 F.2d 1228, 1230 (3d Cir. 1971); *Glacier Park Foundation v. Watt*, 663 F.2d 882 (9th Cir. 1981) (consolidation of hearing on motion for preliminary injunction with final adjudication on merits may be accomplished by stipulation, motion, or even sua sponte so long as procedures do not result in prejudice to either party).

As to defendant's discovery needs, this case started out as an injunction case involving possible injury to public safety and to GNC's goodwill and intellectual property. Defendant did not indicate he needed any discovery at the initial case management conference on February 27, 2006, nor did he thereafter request any discovery order from the Court, nor has anything prevented defendant from conducting discovery since the February 27, 2006 case management conference. In an injunction action (seeking temporary restraining order, preliminary injunction, and then permanent injunction), federal courts throughout this Nation routinely truncate the Rule 16 process. In this case, however, the Court scheduled a Rule 16 initial case management conference for February 27, 2006, at which counsel appeared <u>in-person</u>.

If defendant Sala had a legitimate need for discovery before now, he had sufficient opportunity to seek and obtain such.  The Court has already ordered the parties to make their Rule 26(a)(1) initial disclosure on the injunction issues only, on or before March 27, 2006 (see doc. no. 26 - March 20, 2006).  A reading of the <u>entire</u> record convincingly demonstrates how narrow and focused, relevant and reasonable discovery should be as to the requested injunctive relief.  The Court has directed the parties to take depositions in Pittsburgh starting April 3, 2006 (or sooner) - - one day for plaintiffs and then one day for defendant and so forth until completed.  Such a discovery schedule is consistent with federal district court practice throughout this Nation in injunction cases, especially where, as here, public safety and intellectual property issues are involved.  If the parties have any difficulty with scheduling of the depositions, the Court stated that it is always available to assist and to resolve any discovery disputes.

The parties will have sufficient time for extensive discovery regarding plaintiffs' non-injunction claims and defendant's counterclaims in the future.  The Court has informed the parties (doc. no. 35) that it would be pleased to conduct a second initial case management conference on the non-injunction issues at the convenience of defendant's counsel, while he is in Pittsburgh, during the week of April 3, 2006, for depositions in preparation for the permanent injunction hearing, or at the time of said hearing.  As experienced injunction trial lawyers know, it is a common practice throughout this Nation for judges to separate the injunction issues (which need prompt resolution) from the non-injunction issues.

Lastly, defendant Sala argues that the issuance of the stay of preliminary injunction (doc. no. 34) by the United States Court of Appeals for the Third Circuit, in essence, eliminates the urgency for the requested injunctive relief.  On the contrary, this Court finds that the current lack

of injunctive relief *increases* the urgency of moving forward promptly with the permanent injunction trial, because it remains imperative that this Court promptly determine, based upon live testimony of the parties and witnesses and other evidence, whether or not barred ephedrine-containing products were sold (and potentially are still being sold in light of the stay) in defendant Sala's store, and if so, whether or not said sales were conducted by a "rogue" employee.  Further, this Court finds that a complete record on the injunction issues would assist the Court of Appeals in its review of defendant's pending appeal.

For the foregoing reasons, Defendant Sala's Motion to Vacate Court Orders Dated March 20, 2006 and March 27, 2006 and Alternative Request for a Stay of Those Orders (doc. no. 35) is **DENIED**.

**SO ORDERED** this 6th day of April, 2006.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Amy Kerr Parker, Esquire
Gordon W. Schmidt, Esquire
Kevin S. Batik, Esquire
Gerald J. Stubenhofer, Esquire
McGuire Woods
625 Liberty Avenue
23rd Floor, Dominion Tower
Pittsburgh, PA 15222-3142

Martin B. Sipple, Esquire
227 South Calhoun Street
Tallahassee, FL 32301